**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOAQUIN V. CASTILLO,   ) | |
|     ID # 933475,   ) | |
|         Petitioner,   ) | |
|    ) | |
| vs.   ) | No. 3:09-CV-2320-P(BH) |
|    ) | |
| **RICK THALER,**[1] **Director,**   ) | |
| **Texas Department of Criminal**   ) | |
| **Justice, Institutional Division,**   ) | |
|         **Respondent.**   ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation. Before the Court are a "Motion for Leave to File Second § 2254 Petition for Writ of Habeas Corpus Is Actually First § 2254 Petition" and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), was convicted of murder and was sentenced to 99 years imprisonment in Cause No. 33,816-B in the 181st District Court of Potter County, Texas. (Petition (Pet.) at 1). His conviction and sentence were affirmed on appeal. *See Castillo v. State*, No. 07-00-00365-CR, 2002 WL 242518 (Tex. App. – Amarillo, Feb. 20, 2002, pet. ref'd). He previously challenged this conviction in federal court by way of a § 2254 petition in 2007. *See*

---

[1] Petitioner named Douglas Dretke, a former Director of the Correctional Institutions Division of the Texas Department of Criminal Justice, as respondent. On July 15, 2009, Rick Thaler became the Director. Under Rule 25(d) of the Federal Rules of Civil Procedure, he "is automatically substituted as a party."

*Castillo v. Quarterman*, 3:07-CV-1641-P (N.D. Tex.)(Pet. received Sept. 24, 2007). His petition was dismissed as barred by the statute of limitations. *See Castillo v. Quarterman*, 3:07-CV-1641-P, 2008 WL 656891 (N.D. Tex. March 6, 2008).

Petitioner now seeks leave to file a second petition challenging his conviction. He claims that his second petition should be considered on its merits by this Court because his prior federal petition was erroneously determined to be barred by the statute of limitations. Petitioner cites *Jimenez v. Quarterman*, 129 S.Ct. 681 (2009), in support of his argument that because he was granted an out-of-time PDR by the state habeas court, the statute of limitations did not begin until after his out-of-time PDR was denied by the Texas Court of Criminal Appeals. (Motion at 1-2).

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), federal district courts may not exercise jurisdiction over a second or successive petition for habeas relief without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). In the Fifth Circuit, a petition is second or successive when it raises a claim that was or could have been raised in an earlier

petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). A subsequent federal petition is not considered successive within the meaning of § 2244(b) unless it attacks "the same conviction" previously challenged through a federal habeas petition, however. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[2] A petition that is literally second or successive is not a second or successive application for purposes of § 2244(b) if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, petitioner expressly seeks leave to file a second federal petition challenging the same murder conviction he challenged in his 2007 petition, and he raises claims that were raised or could have been raised in the 2007 petition. He must therefore seek an order from the Fifth Circuit Court of Appeals that authorizes him to file his second petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§

---

[2]Notably, although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

2244(b)]." *Id.* § 2244(b)(3)(C). A petitioner seeking to present a claim in a second or successive application that was not presented in a prior application must show that the claim is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the determination of whether petitioner has made the requisite showing for leave to file a second petition must be made by a three-judge panel of the Fifth Circuit Court of Appeals, this Court lacks jurisdiction. *See id.* § 2244(b)(3)(A) and (B). The motion for leave and petition should therefore be transferred to the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 10th day of December, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE